## Case No. 5,063.

**FRASER et al. v. HUNTER et al.**

[5 Cranch, C. C. 470.] [1]

Circuit Court, District of Columbia. Oct. Term, 1838.

Mr. Brent, for plaintiffs

Welcome R. Beebe, for libellants.
Henry T. Wing, for claimants.

WAITE, Circuit Justice. Upon the facts, I am clearly of the opinion that the collision was caused solely by the fault of the Washington. She saw the Sigel off her starboard side, and the courses of the two vessels crossed. It was the duty of the Sigel, therefore, to hold her course, and of the Washington to keep out of her way. The pilot of the Washington saw that the Sigel must encounter the cross tide, and that, with her speed and load, it would necessarily affect her movements. It was his duty, therefore, to make the necessary allowances for this, and to see that the Sigel had sufficient room to do whatever was required. That he failed in this, is evident from the fact, that, as soon as the Sigel took the sheer, he rang his bell to back, and only between three and four turns of the wheel had been made before the collision occurred. In the meantime, the Sigel had overcome the force of the current and straightened herself up on her course. I agree entirely with the district judge in the views which he took of the case [Case No 5,311], and a decree may be prepared dismissing the libel with costs.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Taylor, for defendants,

R. J. Brent, contra.

Mr. Coxe in reply,

THE COURT (nem. con.) was of opinion that the plaintiffs could not recover upon the evidence, for the reasons stated in the argument of the defendant's counsel. The plaintiffs became nonsuit, acquiescing in the opinion of the court.

## Case No. 5,064.

### FRASER v. WELLER et al.

[6 McLean, 11.] [1]

Circuit Court, D. Michigan. June Term, 1853.

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. ——, for plaintiff.
Mr. Hawkins, for defendants.

OPINION OF THE COURT. This is an action of ejectment. In addition to the general issue, Weller, the defendant, pleaded that the grantor of the plaintiff had heretofore instituted an action of ejectment against the defendant for the same premises, in which a trial was had, and a judgment rendered for the defendant in the state court. To this plea the plaintiff replied, that the said judgment had been set aside and a new trial granted. The defendant demurred to this replication; and assigned as cause of demurrer, that the Revised Statutes of 1846 abolished the ancient forms in the action of ejectment, and authorized a statutory action; and that by section 35 it is declared that the judgment in the action should be conclusive. But that the thirty-sixth section authorized the court to grant a new trial, under certain circumstances, and declared that not more than two new trials shall be granted. The statute provides that the defendant, in the action of ejectment, may demur, or plead the general issue and give special matter in evidence. No special pleas, therefore, can be allowed. The demurrer to the plea is, therefore, sustained.

THE COURT intimated that the special remedy given by the statute must be pursued. The first judgment in ejectment is final, unless within three years a motion is made to set aside the judgment, and the costs of the first trial are paid. This motion was made within the time limited, and the costs were paid, so that the judgment was vacated, under the statute. And the question arises whether under such circumstances, the suit may be brought in this court. If the first judgment had not been set aside, under the statute, it would have been final. It was set aside without cause, on the motion being made within the time limited. The judgment was vacated under the statute, which was a part of the proceeding authorized; this being done, the party is not at liberty to resort to this tribunal. It would be a fraud upon the law. For aught that appears, the first judgment could not have been set aside, except under the provisions of the statute. This remedy having been claimed under the statute, the party is bound to go on with another trial. Having set aside the bar to another suit, he does so, under an obligation to pursue the special remedy under the statute. He cannot claim the remedy in part, to his advantage, and then abandon it to the injury of the other party.